Harold J. Hughes, J.
This is a motion by plaintiff for a preliminary injunction. Defendants have cross-moved for an order (1) vacating the temporary restraining orders previously granted by Mr. Justice Edward S. Conway; (2) dismissing the complaint for insufficiency pursuant to CPLR 3211 (subd. [a], par. 7); or alternatively granting summary judgment dismissing the complaint pursuant to subdivision (c) of CPLR 3211. On the return date of the order to show causé, April 6, 1973, this court vacated the temporary restraining orders.
The plaintiff is a public school teacher. He was appointed to the position of elementary school teacher within the city *444 school district of the City of Poughkeepsie in September, 1962 and obtained tenure in September, 1965. Thereafter, in the summer of 1970, plaintiff began experiencing difficulty with, his vision and took an extended sick leave effective September, 1970. Plaintiff subsequently became totally blind. He thereafter successfully concluded a rehabilitation program operated by the New York Association for the Blind, which program was designed to help him return to teaching.
In March, 1972, plaintiff advised the school district that he would be returning to his classroom duties in September, 1972. The Superintendent of Schools requested that plaintiff submit to a medical examination by the school district’s medical supervisor. Upon completion of said examination, the medical supervisor concluded that plaintiff was capable of working,, with limitations. ■*
Plaintiff was advised by letter dated July 14, 1972 from the school district’s Superintendent of Schools that the Board of Education at a meeting held on July 13, 1972 adopted a resolution placing plaintiff on medical disability retirement as of July 1, 1972. In September, 1972, plaintiff reported for his teaching assignment and was advised there was no such assignment. On every school day thereafter, plaintiff has reported for assignment.
On January 22, 1973, plaintiff was examined by Dr. Sydney N. Miller, who stated in a report to the Board of Education that plaintiff should not return to his classroom duties. The recommendation was based solely on the fact of blindness.
Defendant is a member of the New York State Teachers’ Retirement System. The New York State Teachers’ Retirement Board is vested by virtue of article 11 of the Education /Law with the general administrative authority and responsibility for the proper operation of the retirement system. The Medical Board of the Retirement System is a body of three physicians. One of their duties is to review applications for medical disability retirement purposes and to make recommendations thereon (Education Law, § 507, subd. 6).
On February 19, 1973, the Board of Education authorized the submission of an application to the retirement system to effect plaintiff’s disability retirement. Pursuant to subdivision 1 of section 511 of the Education Law, members who have obtained the requisite years of service may be retired on account of disability upon the application of the employer, if the Retirement Board, after a medical examination of the member, shall determine upon the basis of the report of the examining physi *445 cían or physicians that the member is physically or mentally incapacitated for the performance of duty, that he was incapacitated at the time he ceased teaching and that said member ought to be retired. Plaintiff did not consent to the filing of said application and opposes retirement. On February 19, 1973, the Board of Education terminated plaintiff’s sick leave with pay.
The plaintiff received a letter from the Retirement System, dated March 2, 1973, advising him that on February 23, 1973 the Retirement System had received an application from the school district requesting plaintiff’s retirement on account of disability. Plaintiff was advised that the retirement system could make the retirement effective March 25, 1973.
Plaintiff commenced an appeal to the Commissioner of Education, pursuant to section 310 of the Education Law. Plaintiff contended in his petition that the Board of Education was acting in violation of sections 2509 and 3004 of the Education Law in refusing to reinstate him to his former position. Plaintiff asked that the Commissioner order the Board of Education to reinstate him with all benefits, effective September 5, 1972, and that the board be enjoined from placing plaintiff on medical disability retirement. By decision dated March 5, 1973, the Commissioner of Education ordered that the plaintiff herein be reinstated as a teacher, pending a final determination on the matter or until such time as the disability retirement requirements set forth in section 511 of the Education Law have been fully complied with.
Plaintiff’s underlying action in the case at bar is for a declaratory judgment and a permanent injunction. He seeks: to have declared unconstitutional sections 503 and 511 and all existing provisions of the Education Law pertaining to the involuntary retirement of teachers; a declaration that the actions of the city school district of the City of Poughkeepsie in refusing to reinstate plaintiff to his tenured teaching position since September, 1973 were a violation of plaintiff’s constitutionally protected rights; a permanent injunction enjoining the school district from refusing to reinstate plaintiff to his former teaching position and directing it to remunerate plaintiff with all back pay and other benefits as of the first day of the 1972-1973 school year; and, finally, a permanent injunction enjoining the other defendants from further processing the application for disability retirement.
The court first notes that the fact that plaintiff has pursued an administrative appeal to the Commissioner of Education *446 does not deprive this court of jurisdiction under the present circumstances. The underlying issue in the present case involves the constitutionality of a State statute and it is clear that the Commissioner has no power to determine constitutionality.
Since the defendants seek a dismissal of the complaint for legal insufficiency or, in the alternative, summary judgment, the court will go directly to the merits. There is no question but that this plaintiff, a tenured teacher, possesses constitutionally ^protected interests in “ liberty ” and “ property ” within the meaning of the Fourteenth Amendment; specifically plaintiff has an interest in continued employment that is safeguarded by due process (see Board of Regents v. Roth, 408 U. S. 564; Perry v. Sindermann, 408 U. S. 593). Before this plaintiff may be deprived of employment, either by dismissal or enforced retirement, procedural due process requires that he first be afforded a hearing (see Board of Regents v. Roth, supra; Perry v. Sindermann, supra; Fuentes v. Shevin, 407 U. S. 67). While there are extraordinary situations that justify postponing an opportunity for a hearing, such as when there is a countervailing State interest of overriding significance (see Boddie v. Connecticut, 401 U. S. 371; Matter of Sanford v. Rockefeller, 40 A D 2d 82, affd. 32 N Y 2d 788), it has not been suggested such a situation exists here. Indeed, plaintiff reported for assignment in September, 1972 and it was not until February 19,1973 that the Board of Education made formal application for his retirement.
Based on the above decisions, this court holds that insofar as subdivision 1 of section 511 of the Education Law allows for the enforced retirement of a tenured teacher without a prior adversary hearing, it violates the Due Process Clause of the Fourteenth Amendment. (See Snead v. Department of Social Servs. of City of N. Y., 355 F. Supp. 764.)
Defendants argue that in the present case there is no need for a factual hearing since it is conceded that plaintiff is blind. It is contended that if such a hearing were to be afforded plaintiff, “ it would amount to no more than an inquest on a default.” With this contention this court cannot agree.
The question to be decided at the hearing will not be whether plaintiff is blind but whether he is physically incapacitated from performing his duties as a teacher. The articles in the appendices to plaintiff’s memorandum of law reveal that there are numerous teachers throughout the United States who are both successful and competent, notwithstanding their lack of sight. This court will not rule, as defendants implicitly urge, that *447 blindness per se disqualifies one to teach. Indeed, such a ruling would be directly contrary to the express policy of the Legislature as expressed in section 3004 of the Education Law.
Section 3004, insofar as it pertains to blindness, provides that no regulation established by the Commissioner or by any school district shall disqualify any person, otherwise qualified, from qualifying for a position as a teacher solely by reason of his or her blindness or physical handicap, provided such physical handicap does not interfere with such person’s ability to perform teaching duties. While the applicability and construction of this section is not at this time before this court, it might be useful to make some comments thereon. Whether directly applicable or not, the section expresses a strong legislative policy that a teacher shall not be denied a position because of blindness. It is also apparent from a reading of the present section and its predecessor that the words, ‘1 provided such physical handicap does not interfere with such person’s ability to perform teaching duties ”, pertain only to a physical handicap other than blindness. In other words, it is premised in the statute itself that blindness per se will not interfere with a person’s ability to perform teaching duties.
The case cited by defendants, Matter of Chavich v. Board of Examiners of Bd. of Educ. of City of N. Y. (23 A D 2d 57, affd. 16 N Y 2d 810), merely holds that section 3004 is not applicable to teachers in the New York City public schools. While the dissenters were not upheld on the issue of applicability, much of what they said may serve as rebuttal to one of the contentions of the defendants herein, that plaintiff will not be able to carry out incidental supervisory functions, or to maintain discipline in the classroom or supervise fire drills or to carry out the dozens of other administrative jobs that fall to the classroom teacher. As the minority there aptly pointed out:
“ That view is also untenable because it is based primarily on collateral factors which have no necessary connection with the teaching of music and which are wholly incidental to teaching. For instance, the majority points out that a blind teacher cannot possibly: (1) maintain proper discipline in the classroom or prevent altercations between students, so as to avoid consequent lawsuits against the city; (2) mark the attendance rolls or grade the written test papers; (3) supervise or direct fire drills and proper use of stairways in emergencies; and (4) perform other administrative duties during nvnteaching periods.
‘ ‘ All this may readily be conceded. But what the majority overlooks is that none of these disciplinary, administrative or *448 clerical duties relates in the slightest degree to the basic qualifications or fitness to teach. These duties are incidental or peripheral; they are wholly unrelated to the essential ability , to teach. zTrue, these incidental duties must be performed. But / the board, in furtherance of the fundamental policy of the State with respect to the employment of blind teachers otherwise qualified, may easily arrange for their performance by other sighted persons, whether such sighted persons be teachers, clerks or more mature students. Essentially, the situation is simply one. of mutual accommodation and adjustment by all concerned.
“ In any event, the disciplinary, administrative and clerical duties envisaged by the majority present no insoluble problems or insuperable obstacles to a Board of Education willing to meet them and willing to adopt regulations and measures appropriate to the needs of the occasion. Surely, the intelligence and the ingenuity of the members of the Board of Education of the City of New York are equal to the task.” (Matter of Chavich v. Board of Examiners of Bd. of Educ. of City of N. Y., 23 A D 2d 57, 67-68, supra).
Since defendants have moved for summary judgment and since there are no issues of fact on plaintiff’s causes of action ánd since this court may grant summary judgment to either party (CPLR 3212, subd. [b]), the court hereby declares that portion of subdivision 1 of section 511 of the Education Law which authorizes the involuntary retirement of a tenured teacher • because of alleged physical or mental incapacity upon application of the employer, without a hearing, either before the employer Board of Education or the Retirement Board, to be unconstitutional. The court directs that plaintiff be reinstated to his former position and be remunerated with all back pay and other benefits as of the first day of the 1972-1973 school year. The motion of the plaintiff for a preliminary injunction is denied as moot. The motions of the defendants are denied, all without costs.